IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLOS BRISENO as Father and Next Friend of CARLOS ANTHONIE BRISENO and SHANA IAN BRISENO, Minors<br><br>and<br><br>PAMELA DOUGLAS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE FAMILY HEALTH CENTER,<br>    and<br>BRIDGET P. EARLY, M.D.,<br>    and<br>ANDREW C. QUINT, M.D.,<br>    and<br>CYNTHIA WOODCOCK, R.N.,<br><br>    Defendants. | Case No. 05-4344-CV-C-NKL |

### DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES OF AMERICA FOR DEFENDANTS AND THE UNITED STATES OF AMERICA'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Defendants move the Court pursuant to 42 U.S.C. § 233(g) and 28 U.S.C. § 2679(d)(2) to substitute the United States of America for named defendants The Family Health Center, Bridget P. Early, M.D., Andrew C. Quint, M.D. and Cynthia Woodcock, R.N., because defendants are statutorily deemed to be employees of the Public Health Service ("PHS") and eligible for Federal Tort Claims Act ("FTCA") malpractice coverage effective November 1, 2000, pursuant to 42 U.S.C. § 233(g) and (h).

Once substitution has been ordered by the Court, the United States further moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiffs' Petition because the Plaintiffs' exclusive remedy is against the United States under the FTCA which requires a plaintiff to file an administrative claim and exhaust administrative remedies prior to filing a civil action. 42 U.S.C. § 233(g) and 28 U.S.C. § 2675(a).

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTIONS

### I. Motion to Substitute.

The Federally Supported Health Center Assistance Act of 1995 (the "Act"), 42 U.S.C. § 233 allows the United States to consider certain federally supported health centers, and employees of such health centers, as government health care providers deemed to be employees of the Public Health Service ("PHS") and thereby, extend to them the protections of the FTCA. *Warren v. Joyner*, 96 F. Supp. 581, 583 (S.D. Miss. 1997). The FTCA becomes the exclusive remedy for plaintiffs bringing suit against deemed health centers and their employees acting within the scope of their employment. The United States is bound to substitute itself and defend any malpractice action brought against such a health care provider. *Id.* 42 U.S.C. § 233(g) and 28 U.S.C. § 2679(d)(2).

In this case, the Family Health Center was deemed to be an employee of the federal government and eligible for malpractice coverage under the FTCA effective November 1, 2000. See, Declaration of Richard G. Bergeron, Senior Attorney, Claims and Employment Law Branch for the Office of the General Counsel of the Department of Health and Human Services and the attached Deeming Letter ("Exhibit 1"). This "FTCA coverage" is applicable to deemed entities and their officers, governing board members, employees, and contractors who are physicians or

2

other licensed or certified health care practitioners working full time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrics/gynecological services. (Exhibit 1, page 1). Further, the United States Attorney for the Western District of Missouri has certified that the Defendants were acting within the scope of their duties as deemed employees of the PHS, an agency of the United States Department of Health and Human Services ("HHS") (Exhibit 2).

Plaintiffs' Petition alleges that the Family Health Center and certain healthcare providers employed by the center are liable for damages resulting from the wrongful death of Roberta Raymond, who is alleged to have died on or about December 20, 2003 as a result of acute necrotizing broncho-pneumonia. HHS' records reveal that the Family Health Center has been a covered entity since November 1, 2000 and that Defendants Bridget Early, M.D., Andrew C. Quint, M.D., and Cynthia Woodcock, R.N. were covered employees of the Family Health Center during the following dates:

| | |
|---|---|
| Bridget Early, M.D. | from August 1, 2002 to February 14, 2003 |
| Andrew C. Quint, M.D. | from August 1, 2002 to present |
| Cynthia Woodcock, R.N. | from July 7, 2003 to present |

(Bergeron Declaration, ¶ ¶'s 5 and 6).

It is clear that the named defendants are entitled to FTCA coverage and the substitution of the United States for claims involving any injuries allegedly caused by their acts or omissions during the periods referenced in the above paragraph. Plaintiffs set forth no statement or allegation in any Count of the Complaint identifying any specific action, decision, or omission during any precoverage time period which has a causal relationship to Roberta Raymond's death in December, 2003. The United States submits that in the absence of any evidence or even a

3

specific allegation that a named defendant's conduct prior to the coverage period caused the death of Roberta Raymond, Defendants' motion to substitute the United States as the sole party defendant should be granted. In the event the Plaintiffs provide a specific allegation of malpractice causally connected to Raymond's death outside the coverage periods then this Court should substitute the United States as the defendant for all covered periods as set forth above.

**II.     The United States' Motion to Dismiss.**

Once this Court determines that the United States is the proper party defendant, the United States submits that Plaintiff's civil action should be dismissed without prejudice because Plaintiffs have failed to exhaust their administrative remedies which is a prerequisite to any civil action under the FTCA. 28 U.S.C. § 2675(a). Section 2675(a) states in part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency.
> . . . .

The Supreme Court has held that the language of Section 2675(a) is not ambiguous. *McNeill v. United States*, 508 U.S. 106, 111 (1981). If the claim has not been presented to the appropriate federal agency before the claim is filed in Court, the case shall be dismissed for failure to exhaust administrative remedies. *Id*.

The notice of claim requirement is to be strictly construed because the FTCA represents a limited waiver of the federal government's sovereign immunity. *Koehler v. Cortland Memorial Hospital*, 65 F. Supp. 2d 105, 106 (N.D. N.Y. 1999); *Kelly v. Total Health Care, Inc.*, 2000 WL 151280 (D. Md. 2000).

4

Under 28 U.S.C. § 2679(d)(5), a civil action filed by a plaintiff who has not exhausted administrative remedies is to be dismissed without prejudice. The FTCA provides that if a plaintiff files an administrative claim within 60 days of the dismissal with the proper federal agency it will be deemed as if it were filed on the date of the commencement of the civil action. After filing the administrative claim a plaintiff cannot proceed to federal court until the agency has had a six month period of time to investigate plaintiff's claims in an attempt to resolve the action at the administrative level. *See*, 28 U.S.C. § 2675(a).

In the instant case, as established by the Declaration of Richard G. Bergeron, the Plaintiffs did not file an administrative claim with HHS prior to filing a civil action in the Circuit Court of Boone County, Missouri. Based upon the foregoing, it is evidence that Plaintiff's Petition must be dismissed without prejudice because the Plaintiffs have failed to exhaust administrative remedies.

### III.  Conclusion.

Defendants respectfully request that this Court enter its order substituting the United States as the party defendant and dismissing Plaintiffs' civil action without prejudice for failure to exhaust administrative remedies.

Respectfully submitted,

Todd P. Graves
United States Attorney

By  */s/ Jerry L. Short*

Jerry L. Short, MO Bar No. 26318
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

> Mark T. McCloskey
> Patricia N. McCloskey
> 8112 Maryland Avenue, Suite 350
> St. Louis, MO 63105
> Attorneys for Plaintiffs

*/s/ Jerry L. Short*
Jerry L. Short
Assistant United States Attorney

6