IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLOS BRISENO as Father and Next Friend of CARLOS ANTHONIE BRISENO and SHANA IAN BRISENO, Minors<br><br>and<br><br>PAMELA DOUGLAS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE FAMILY HEALTH CENTER, and BRIDGET P. EARLY, M.D., and ANDREW C. QUINT, M.D., and CYNTHIA WOODCOCK, R.N.,<br><br>    Defendants. | Case No. 05-4344-CV-C-NKL |

ORDER

Pending before the Court is Defendants' Motion to Substitute the United States of America for Defendants and the United States of America's Motion to Dismiss for Failure to Exhaust Administrative Remedies [Doc. # 4]. For the reasons set forth below, the Motion will be granted.

The Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et. seq.*, requires the Secretary of Health and Human Services to deem a community health center and its employees to be federal employees for the purposes of the Federal Tort Claims Act (the "FTCA") after the center has qualified for certain federal assistance.

1

42 U.S.C. § 233(g) (1)(A)-(G). Once deemed federal employees, a community health center and its healthcare workers enjoy absolute immunity from suit for those acts that relate to their employment. Any actions against them are treated as actions against the United States and must be removed to United States District Court, 42 U.S.C. § 233(a), where the FTCA requires that "United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). Once the United States becomes the named defendant, the FTCA is the exclusive statutory remedy for medical malpractice claims against a Community Health Center and its medical staff. *Motley v. United States*, 295 F.3d 820, 823 (8th Cir. 2002).

This case presents medical malpractice allegations against the Family Health Center in Columbia, Missouri, and three of its healthcare professionals following the death of the Plaintiffs' decedent, Roberta Raymond, on December 20, 2003. Since November 1, 2000, the Department of Health and Human Services ("HHS") has deemed the Family Health Center and its staff to be federal employees for the purposes of immunity under the FTCA. *See* Declaration of Richard G. Bergeron, Senior Attorney, Claims and Employment Law Branch for the Office of the General Counsel of the Department of HHS and the attached Deeming Letter [Doc. # 4-2, pp. 4-5]. As empowered under 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), the United States Attorney has also certified to this Court that the named Defendants were acting within the scope of their duties as deemed employees of the Public Health Service at all times during

their treatment of Plaintiffs' decedent. *See* Doc. # 4, Exhibit 2. Thus, under 28 U.S.C. § 2679(d)(2), the United States shall be substituted for the named Defendants.

The United States also moves to dismiss the present action without prejudice for failure to exhaust administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a). In his declaration, HHS Senior Attorney Richard G. Bergeron stated that Plaintiffs have not filed an administrative claim with HSS. Nor have Plaintiffs responded to the United States' Motion to Dismiss with any explanation of why exhaustion would be futile. The Court, therefore, concludes that Plaintiffs have not exhausted their administrative remedies and will dismiss the case without prejudice.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Substitute the United States as Defendant [Doc. # 4] is GRANTED. The United States shall be substituted for the named Defendants. It is further

ORDERED that the United States' Motion to Dismiss [Doc. # 4] is GRANTED. The above captioned case is DISMISSED without prejudice.

          s/ Nanette K. Laughrey
          NANETTE K. LAUGHREY
          United States District Judge

Dated: November 30, 2005
Jefferson City, Missouri